1
2
3
4
5
6
7

O

8
9
10

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

11  DEVERY THIERRY,                     )  Case No. EDCV 09-2263-MMM (DTB)
                                        )
12                    Plaintiff,        )
                                        )
13          vs.                         )  ORDER DISMISSING FOURTH
                                        )  AMENDED COMPLAINT WITH
14  DR. SMILOVITZ, et al.,              )  LEAVE TO AMEND
                                        )
15                    Defendants.       )
                                        )
16  _____ )

17          Plaintiff, a state prisoner currently incarcerated at the California Institute for

18  Men, in Chino, California, filed a pro se civil rights Complaint ("Complaint") herein

19  pursuant to 42 U.S.C. § 1983, on December 2, 2009, in the Eastern District of

20  California.   After initial review, it was determined that venue was proper in the

21  Central District of California, and the case was subsequently transferred to the Central

22  District.  Named as defendants in the Complaint were two physicians, Dr. Smilovitz,

23  M.D., and Dr. Gallagher, M.D., both of whom were alleged to be employees at the

24  California Mens Colony ("CMC") in San Luis Obispo.

25          The gravamen of plaintiff's allegations in the Complaint was that he suffers

26  from HIV/AIDS, and that he was "discriminated against and treated poorly" when he

27  was sent to CMC, where he contracted Valley Fever. (Complaint at ¶ IV)  As a result

28  of contracting  Valley  Fever,  plaintiff  alleged  that  he  will  be  required  to  take

medication for the remainder of his life, and that the condition remains life-threatening. (Id.) Plaintiff further alleged that he should never have been sent to CMC, and, inferentially, that he contracted Valley Fever as a result of being sent to CMC. While the Complaint was styled as being brought pursuant to 42 U.S.C. § 1983, plaintiff did not specify a right or rights which he claims were violated by the facts alleged in the Complaint.  Referenced in the Complaint by plaintiff (and attached to the Complaint) were copies of plaintiff's medical records from CMC, which indicate that he was admitted to the prison hospital facility at CMC on August 3, 2002, and was discharged on August 13, 2002.

Pursuant to the requirements of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court screened the Complaint to determine whether the action was frivolous or malicious; or whether it failed to state a claim on which relief may be granted; or whether it sought monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b); see also 42 U.S.C. § 1997e(c)(1).

Following its initial screening, the Court determined that the Complaint was deficient as pled, and, in an Order dated January 19, 2010, ordered it dismissed with leave to amend pursuant to 28 U.S.C. § 1915(e)(2), and gave plaintiff 30 days in which to file a First Amended Complaint.

On March 4, 2010, plaintiff filed a First Amended Complaint ("FAC").  Named as defendants in the FAC were Dr. Smilovitz and the California Department of Corrections and Rehabilitation ("CDCR").  Dr. Gallagher was not named in the FAC. The FAC alleged a single cause of action against both Dr. Smilovitz and the CDCR, again arising out of plaintiff's medical care while in the custody of CDCR. Specifically, plaintiff alleged that the defendants violated his rights under the  Fifth, Eighth and Fourteenth Amendments to the Constitution when they were deliberately indifferent to his medical needs.  The Court determined that the FAC was deficient as pled, and, in an Order dated February 12, 2010, ordered it dismissed with leave to amend pursuant to 28 U.S.C. § 1915(e)(2), and gave plaintiff 30 days in which to file

1   a Second Amended Complaint.

2    On March 4, 2010, plaintiff filed a Second Amended Complaint ("SAC").

3   Named as defendants in the SAC were Dr. Smilovitz and the CDCR.  The SAC

4   alleged a single cause of action against both Dr. Smilovitz and the CDCR, again

5   arising out of plaintiff's medical care while in the custody of CDCR.  Specifically,

6   plaintiff alleges that the defendants violated his rights under the  Fifth, Eighth and

7   Fourteenth Amendments to the Constitution when they were deliberately indifferent

8   to his medical needs.  Once again, the Court determined that the SAC was deficient

9   as currently pled, and, in an Order dated March 15, 2010, ordered it dismissed with

10  leave to amend pursuant to 28 U.S.C. § 1915(e)(2), and gave plaintiff 30 days in

11  which to file a Third Amended Complaint.

12   On March 31, 2010, plaintiff filed a Third Amended Complaint ("TAC").

13  Named as defendants in the TAC were (in his individual and official capacity) and Dr.

14  Gallagher (plaintiff failed to mark the capacity in which he is suing Dr. Gallagher).

15  The TAC alleged a single cause of action against both Dr. Smilovitz and Dr.

16  Gallagher, again arising out of plaintiff's medical care while in the custody of CDCR.

17  Specifically, plaintiff alleges that the defendants violated his rights under the  Fifth,

18  Eighth and Fourteenth Amendments to the Constitution when they were deliberately

19  indifferent to his medical needs.  Once again, the Court determined that the TAC was

20  deficient as currently pled, and, in an Order dated April 6, 2010, ordered it dismissed

21  with leave to amend pursuant to 28 U.S.C. § 1915(e)(2), and gave plaintiff 30 days in

22  which to file a Fourth Amended Complaint.

23   On May 3, 2010, plaintiff filed a Fourth Amended Complaint ("4thAC").

24  Named as defendants in the 4thAC are Dr. Smilovitz and "Jane Doe".  The 4thAC

25  appears to allege a single cause of action against both Dr. Smilovitz and Jane Doe,

26  again arising out of plaintiff's medical care while in the custody of CDCR.

27  Specifically, plaintiff alleges that the defendants violated his rights under the  Eighth

28  Amendment to the Constitution when they were deliberately indifferent to his medical

needs.  Insofar as the Court can glean from the 4thAC, plaintiff's claim is based on the defendants' alleged refusal to provide medical treatment when a request was submitted.  (See 4thAC at 7).

Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and complete statement of the claim showing that the pleader is entitled to relief."  As the Supreme Court recently held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  Further, "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted).  Thus, plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

After careful review and consideration of the 4thAC under the relevant standards, the Court finds that its allegations are insufficient to state a claim for violation of plaintiff's federal civil rights.  Although the Court has concerns about whether the deficiencies of the 4thAC can be overcome, the Court will afford plaintiff one more opportunity to attempt to do so.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).  The 4thAC therefore is dismissed with leave to amend.  If

4

1  plaintiff desires to pursue this action, he is ORDERED to file a Fifth Amended
2  Complaint within thirty (30) days of the date of this Order, remedying the deficiencies
3  discussed below.  Plaintiff is again forewarned that if he fails to cure the defects
4  identified in this Order, as well as those identified in the Court's previous Orders, in
5  the event he files a Fifth Amended Complaint, the Court will recommend it be
6  dismissed with prejudice.

**DISCUSSION**

**I.      The allegations of the 4thAC are insufficient to state a claim against  Dr.
          Smilovitz and Jane Doe in their official capacities.**

In Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L.
Ed. 2d 45 (1989), the Supreme Court held inter alia that state agencies sued in their
official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983.
See 491 U.S. at 64-66.  Further, the Eleventh Amendment bars federal jurisdiction
over suits by individuals against a State and its instrumentalities, unless wither the
State consents to waive its sovereign immunity of Congress abrogates it.  Pennhurst
State School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed.
2d 67 (1984).  To overcome this Eleventh Amendment bar, the State's consent or
Congress' intent must be "unequivocally expressed."  Pennhurst, 465 U.S. at 99.
While California has consented to e sued in its own courts pursuant to the California
Tort Claims Act, such consent does not constitute consent to suit in federal court.  See
BV Engineering v. Univ. of Cal., Los Angeles, 858 F. 2d 1394, 1396 (9th Cir. 1988);
see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105 S. Ct. 3142, 87
L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution did not
constitute a waiver of California's Eleventh Amendment immunity).  Furthermore,
Congress has not abrogated State sovereign immunity against suits under 42 U.S.C.
§ 1983.

The Eleventh Amendment not only bars plaintiff's federal civil rights claims
against Dr. Smilovitz and Jane Doe to the extent that plaintiff is seeking monetary

damages from them, but also plaintiff's federal civil rights claims against Dr. Smilovitz and Jane Doe to the extent that plaintiff is seeking any other form of relief from them. See Pennhurst, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); see also Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (per curiam) (Eleventh Amendment bars claims for injunctive relief against Alabama and its Board of Corrections).

Thus, based on the authority above, to the extent the 4thAC names Dr. Smilovitz and Jane Doe in their official capacities, it fails to state a cause of action.

\*\*\*\*\*\*\*\*\*\*\*\*

If plaintiff chooses to file a Fifth Amended Complaint, it should bear the docket number assigned in this case; be labeled "Fifth Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the FAC, the SAC, the TAC, the 4thAC or any other pleading, attachment or document. The Clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. **Plaintiff is admonished that, if he fails to timely file a Fifth Amended Complaint, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: May 14, 2010

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

6

FULL NAME

COMMITTED NAME (if different)

FULL ADDRESS INCLUDING NAME OF INSTITUTION

PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER

*To be supplied by the Clerk*

PLAINTIFF,

v.

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*

DEFENDANT(S).

☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes   ☐ No

2.  If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b.  Court _____

_____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it

appealed?  Is it still pending?) _____

f.  Issues raised: _____

_____

_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred?  ☐ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

_____

3.  Is the grievance procedure completed?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
(Claim I)                      (Claim II)                     (Claim III)

**NOTE**:   You need not name more than one defendant or allege more than one claim. If you are naming more than
five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

2.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4.  Defendant _____ resides or works at
    _____
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without

citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each

DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____        _____
              *(Date)*                              *(Signature of Plaintiff)*